IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**LUCINDA DIANE RIGGS,**

**Plaintiff,**

v.

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

**Defendant.**

**CIVIL ACTION NO.: 5:21CV111**
**(BAILEY)**

FILED

MAR 1 1 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## REPORT AND RECOMMENDATION

### I.      Introduction

This action arises out of the denial of Plaintiff's application for Social Security Disability

Insurance and Supplemental Security Income under Title II and Title XVI of the Social Security

Act.   After Plaintiff's application proceeded through the administrative process, United States

Administrative Law Judge, Laura Bernasconi ("ALJ") concluded that Plaintiff was not disabled

within the meaning of the Social Security Act.   Plaintiff's request for review by Appeals Council

was denied, making the ALJ's decision the final decision of the Defendant.   Plaintiff seeks judicial

review of the ALJ's decision.

The undersigned has considered the parties' briefs and the record on appeal.   The facts and

legal arguments have been adequately presented.   Accordingly, the decisional process would not

be  significantly  aided  by  oral  argument.    After  considering  the  parties'  briefs  and  the

Administrative Record, the undersigned would conclude that additional analysis is required from

the  ALJ  in  support  of  her  decision.    Therefore,  the  undersigned  would  **RECOMMEND**  that

Plaintiff's Motion for Summary Judgment be **GRANTED** and Defendant's Motion for Summary

Judgment be **DENIED**.   The undersigned would further recommend that this matter be **REMANDED** for additional proceedings as described more fully herein.

## II.      Factual/Procedural History

On September 7, 2018, Plaintiff filed her application for Social Security Benefits under Title II and Title XVI of the Social Security Act.  R. 232.  She alleged disability beginning on or about August 1, 2018.  R. 232.  Her claims were denied initially on December 20, 2018, and upon reconsideration on March 11, 2019.  R. 268.  Plaintiff requested a hearing before an ALJ, which hearing occurred on November 13, 2019.  R. 232.  Plaintiff gave testimony in support of her claims. Vocational Expert, Jeannie Deal (hereinafter "VE") also provided testimony.  R. 212-31.

The ALJ issued an unfavorable decision on January 20, 2021.  R. 282-307.  Plaintiff appealed the ALJ's determination to the Appeals Council on January 29, 2021.  R. 559.  The Appeals Council denied review.  R. 1-6.  The ALJ's decision is therefore the final decision of the Social Security Commissioner.

Plaintiff filed the instant appeal on July 13, 2021.  ECF No. 1.  Defendant filed an Answer on September 27, 2021.  ECF No. 6.  On the same date, Defendant filed a copy of the Social Security Administrative Record.  ECF No. 7.  Plaintiff filed her Motion for Summary Judgment on October 26, 2021.  ECF No. 9.  Defendant filed her Motion for Summary Judgment on November 26, 2021.  ECF No. 10.

## III.     ALJ Decision

### A.  The Five-Step Evaluation Process

In determining whether Plaintiff is disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520.  The first step in the process is to determine whether a claimant is currently engaged in substantial gainful activity.  § 404.1520(b).  If the

2

claimant is not engaged in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. § 404.1520(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). § 404.1520(d). If the impairment meets or equals a listed impairment, the claimant is disabled. *Id.* However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (hereinafter "RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments. § 404.1520(e). After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of past relevant work. § 404.1520(f). If the claimant does not have the RFC to do past relevant work, then they have established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's age, education, and work experiences. § 404.1520(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

**B. ALJ Findings**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. R. 287. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 1, 2018, the alleged onset date. R. 287. At step two, the ALJ found that Plaintiff has the following combination of severe impairments: obesity, type two

3

diabetes mellitus (DM), chronic kidney disease, gout, left carpal tunnel syndrome (CTS), psoriatic arthritis, mixed connective tissue disease (MCTD), emphysema, torn right meniscus, and osteoarthritis. R. 288. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. R. 289.

The ALJ assigned the following RFC at step four of the analysis:

> [t]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs and occasionally balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme cold, extreme heat, wetness, vibration, and pulmonary irritants. She should avoid concentrated exposure to hazards. She can use the upper extremity for frequent handling and fingering and occasional overhead reaching.[1]

R. 292-93. At step five, the ALJ found Plaintiff capable of performing past relevant work as a telephone solicitor. The ALJ therefore determined that Plaintiff is not disabled as defined in the Social Security Act. R. 297-299.

## IV.   Motions for Summary Judgment

### A.   Arguments of the Parties

#### 1.   Plaintiff's Arguments

Plaintiff argues that the ALJ failed the adequately explain her RFC finding that Plaintiff maintains the ability to perform light/sedentary work without assistance from a cane or the need to elevate her legs in contravention of SSR 96-8. Plaintiff requests that this matter be remanded for additional analysis.

---

[1] Footnotes throughout this paragraph have been omitted here inasmuch as the information contained therein is not relevant for our purposes and for the sake of brevity.

2.      **Defendant's Arguments**

In opposition, Defendant argues that the ALJ reasonably declined to include a cane use limitation in her RFC finding, and that the medical evidence of record did not support a finding that Plaintiff needs to elevate her legs. Defendant contends that substantial evidence supports the ALJ's decision.

B.      **The Standards**

1.      **Summary Judgment**

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

2.      **Judicial Review**

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988) (internal citations and quotations omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by *The Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

## C.    Discussion

Plaintiff takes issue with the ALJ's RFC on two narrowly defined items: (1) Plaintiff's need for a cane and (2) Plaintiff's need to elevate her legs.  Plaintiff argues that the ALJ failed to account for medical evidence which supports Plaintiff's need for a cane and for Plaintiff's need to elevate her legs when fashioning the RFC, which found that Plaintiff could perform light work (with limitations), and which did not include any accommodations for a cane or for elevating Plaintiff's legs.  Plaintiff argues that these failures require remand.

The relevant portion of the ALJ's opinion with which Plaintiff takes issue is captured at R. 295-96.  The entry provides in relevant part as follows:

> She is able to move between seated and standing positions without assistance. Despite some allegations during the hearing of needing a cane to help stand and walk sometimes, none of her treating or examining doctors have indicated she has a medical necessity for a cane or other assistive device for support when standing and walking....She has no problems sitting for extended periods and the record does not contain any documentation of instructions from any of her treating doctors that she must elevate her legs for long periods each day to relieve any symptoms.[2]

R. 295-96.  Because the statements captured above do not accurately reflect the medical evidence contained within the record, the undersigned would agree with Plaintiff that this matter should be remanded.

### 1.    Hand-Held Assistive Device (Cane)

With respect to Plaintiff's need for a cane, it is simply incorrect to assert that "none of [Plaintiff's] treating or examining doctors have indicated she has a medical necessity for a cane or other assistive device for support when standing and walking."  To the contrary, on April 6, 2020, Plaintiff's primary care physician, Dr. Saad Butt, M.D., referred Plaintiff to First Settlement Physical Therapy for a balance/gait evaluation.  R. 1608.  Plaintiff presented to First Settlement

---

[2] This paragraph explains, in part, the ALJ's RFC finding.

Physical Therapy for this evaluation on April 7, 2020, where she was evaluated by Amanda McDonald, PT, DPT.  R. 1491.  According to Ms. McDonald's assessment, Plaintiff presented with "decreased balance as noted with balance testing."  Ms. McDonald further noted that Plaintiff was unable to stand from a 24 inch chair without definite use of [upper extremity]."  Ms. McDonald found that Plaintiff was in the medium risk fall category.  *Id.*  Plaintiff declined formal treatment. Ms. McDonald found that Plaintiff would benefit from using a cane.  *Id.*  On April 16, 2020, Dr. Butt agreed with Ms. McDonald's assessment and wrote Plaintiff a prescription for a cane. R. 1779.  A copy of the prescription is captured at R. 1796.

In opposing Plaintiff's Motion, Defendant argues that, "[t]o the extent Plaintiff used a cane, it was to transition from sitting to standing, not for walking."  ECF No. 10 at p. 8.  In so arguing, Defendant seems to be advancing the position that only a cane required for walking must be addressed by an ALJ in an RFC.  This is incorrect.  According to SSR 96-9p, "a hand-held device is medically required [where] there [is] medical documentation establishing the need for a hand-held assistive device to aid in walking **or standing**."  *See* SSR 96-9p, 1996 WL 374185, at *7 (emphasis added).  Here, the medical evidence clearly establishes that Plaintiff needs the cane to assist her with standing.[3]

Defendant also argues that "[t]here was a lack of any other description of the circumstances for which the cane was needed," so the ALJ did not include a cane limitation/accommodation within the RFC.  ECF No. 10 at p. 8.  This may be true, but this rationale does not appear in the ALJ's opinion.  This is the very point of Plaintiff's Motion – the ALJ did not explain why she did not consider or rely upon the medical evidence which tends to demonstrate that Plaintiff needs a

---

[3] Defendant also argues that the wording of the cane prescription makes "clear that Plaintiff does not require a cane to walk." ECF No. 10 at p. 9. Dr. Butt's prescription reads as follows: "Straight cane R26.9 – Disturbance of gait and mobility." It is difficult to understand how 'disturbance of gait and mobility' does not implicate Plaintiff's ability to walk.

cane, when fashioning the RFC. The ALJ should have, at a minimum, explained why the RFC did not include any such accommodation. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4ᵗʰ Cir. 2015) (finding remand appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record").

Defendant next argues that the ALJ did not ignore Plaintiff's use of a cane because she "noted Plaintiff's use of a cane throughout his decision." ECF No. 10 at p. 9. This is not entirely accurate. Defendant cites R. 290 and R. 295 in support of this contention. A review of these excerpts of the ALJ's decision does not support Defendant's argument. Rather, it supports Plaintiff's argument – that the ALJ found Plaintiff does not have a medical need for a cane, and yet, in so finding, did not acknowledge Dr. Saad's and Ms. McDonald's findings that Plaintiff does need a cane, and that a cane was prescribed for Plaintiff's use.

Defendant's final argument on this point is that any failure to acknowledge the medical evidence at issue is harmless error because Plaintiff's use and/or need for a cane would not have impacted her ability to perform a sedentary occupation. *See* ECF No. 10 at p. 9. The undersigned would disagree. According to SSR 96-9p, "the occupational base for an individual who must use [a hand-held device] for balance because of significant involvement of both lower extremities...may be significantly eroded." *See Timmons v. Colvin*, No. 3:12CV609, 2013 WL 4775131, at *8 (W.D.N.C. Sept. 5, 2013) (applying SSR 96-9p to the light occupational base). *See also Roach v. Saul*, 2020 WL 1644630, n. 5 (D.S.C. Feb. 26, 2020) (affirming the application of SSR 96-9p vis-à-vis assistive device(s) to an RFC for light work because it involves greater lifting than sedentary work). Considering the aforementioned medical evidence, whether and to what extent Plaintiff's occupational base may be eroded as a result of her alleged need for a cane should have been addressed by the ALJ.

8

It is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts of evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *King v. Colifano*, 599 F.2d 597, 599 (4th Cir. 1979); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). The ALJ, and by extension the Commissioner, failed to resolve conflicts in the medical evidence vis-à-vis Plaintiff's need for a cane. This is not harmless error; rather, it precludes the Court's meaningful consideration of the ALJ's decision. This issue should therefore be remanded for further findings consistent with the above.

### 2.     Elevation of Legs

Similarly, the ALJ errantly declared that "the record does not contain any documentation of instructions from any of [Plaintiff's] treating doctors that she must elevate her legs for long period of each day to relieve any symptoms." R.296. This is incorrect. Dr. Janelle King, Plaintiff's treating dermatologist, recommended that Plaintiff elevate her legs "as much as possible". R. 1132.

In support of the ALJ's finding, Defendant argues that there is no timeframe associated with Dr. King's recommendation. It is not immediately clear how the lack of a timeframe for the recommendation to Plaintiff to elevate her legs as much as possible supports the ALJ's finding that no medical documentation exists which instructs Plaintiff to elevate her legs for long periods of time each day. Rather than support the ALJ's finding, the undersigned would conclude that this lack of a timeframe supports Plaintiff's argument because the recommendation appears to continue indefinitely.

Moreover, the undersigned would note that Defendant's brief misstates the ALJ's finding. The ALJ never declared that "no medical professional has advised Plaintiff that she must elevate her feet **every time she is sitting down** or for long-periods each day." ECF No. 10 at p. 10

(emphasis added).  Rather, the ALJ declared that the record "does not contain any documentation of instruction from any of her treating doctors that she must elevate her legs for long periods each day to relieve any symptoms." R. 296.  This assertion is incorrect – the record does contain documentation from Plaintiff's treating physician that she should elevate her legs as much as possible during the day.  This evidence conflicts with other evidence cited by the ALJ in support of the RFC.  The ALJ should have addressed this conflict and the effect, if any, upon Plaintiff's RFC.  Because this conflict was not addressed, this issue must also be remanded for additional consideration.

## V.      Recommendation

Accordingly, and for all of the foregoing reasons, the undersigned would **RECOMMEND** that Plaintiff's **Motion [9] for Summary Judgment be GRANTED**.  The undersigned would further **RECOMMEND** that **Defendant's Motion [10] for Summary Judgment be DENIED**.  Finally, the undersigned would **RECOMMEND** that this matter be **REMANDED** for further proceedings consistent with the above.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

**A copy of such objections should be submitted to the District Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th**

Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 11th day of MARCH, 2022

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

11