**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**LUCINDA DIANE RIGGS,**

      Plaintiff,

v.                                        **CIVIL ACTION No. 5:21-CV-111**
                                                    Judge Bailey

**KILOLO KIJAKAZI,** Commissioner of
Social Security,

      Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge James P. Mazzone [Doc. 11]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on March 11, 2022, wherein he recommends that Plaintiff's Motion for Judgment on the Pleadings [Doc. 9] be granted, Defendant's Motion for Summary Judgment [Doc. 10] be denied, and this matter be remanded for further proceedings consistent with the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989);  ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.  Having filed no objections within that time frame, plaintiff has waived her right to both *de novo* review and to appeal this Court's Order pursuant to 28 U.S.C. § 636(b)(1).  Consequently, the R&R will be reviewed for clear error.  Having reviewed the R&R for clear error, it is the opinion of this Court that the Report and Recommendation **[Doc. 11]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, this Court further **ORDERS** that Plaintiff's Motion for Judgment on the Pleadings **[Doc. 9]** is **GRANTED**, Defendant's Motion for Summary Judgment **[Doc. 10]** is **DENIED**, and this matter be **REMANDED** for further proceedings consistent with the R&R.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED**: March 28, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE